IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON SYLVESTER, # 311748, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 24-00089-KD-B |
| | * |
| ROBERT RAWLINS, # 211043, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] Plaintiff Brandon Sylvester, an Alabama prison inmate who is proceeding without counsel, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). Sylvester's complaint indicated that he was suing fellow inmate Robert Rawlins (AIS # 211043) for an unspecified incident that occurred at Easterling Correctional Facility on December 24, 2023. (See Doc. 1 at 1, 4-5, 8). However, the complaint was devoid of factual allegations, it did not identify what claim or claims were being asserted against inmate Rawlins, and it was not signed by Sylvester. (See id.). Additionally, Sylvester's motion to proceed without prepayment of fees was not on this Court's current form for a motion to proceed without prepayment of fees filed in a

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

prisoner action, and it did not include a copy of Sylvester's inmate account statement as required. (See Doc. 2).

Accordingly, in an order dated March 27, 2024, the undersigned ordered Sylvester, if he wished to proceed with this case, to complete and file an amended complaint on or before April 26, 2024, using this Court's form complaint for a prisoner action under 42 U.S.C. § 1983.[2] (Doc. 3 at 2). The undersigned also ordered Sylvester, on or before April 26, 2024, to either pay the $405.00 filing fee or to file an amended motion to proceed without prepayment of fees on this Court's current form for a motion to proceed without prepayment of fees in a prisoner action. (Id. at 5). The undersigned cautioned Sylvester that failure to fully

---

[2] The Court informed Sylvester that in drafting his amended complaint, he needed to comply with the following instructions:

> Sylvester must fully complete all applicable sections of the form complaint, and he must sign the complaint under penalty of perjury. If additional pages are needed, Sylvester must **strictly follow** the format contained in the form complaint when completing the additional pages. Most importantly, Sylvester must identify each claim he is making against each defendant and provide supporting facts for each claim.

(Doc. 3 at 2 (emphasis added)).

The Court also informed Sylvester that his amended complaint needed to provide a valid basis for federal subject matter jurisdiction. (Id. at 4). In that regard, the Court explained to Sylvester that he could not state a claim arising under 42 U.S.C. § 1983 against a fellow inmate unless he could plausibly allege facts showing that the inmate was acting under color of state law. (Id. at 3).

2

comply with the order within the prescribed time, or failure to immediately advise the Court of a change in his address, would result in a recommendation that this action be dismissed for failure to prosecute and to obey the Court's order. (Id.).

The Court's March 27, 2024 order and accompanying documents were mailed to Sylvester at Easterling Correctional Facility, where he was then incarcerated, and they were not returned to the Court as undeliverable. However, after Sylvester failed to timely respond to the order, the Court conducted an online inmate search for Sylvester, which revealed that he had been transferred from Easterling Correctional Facility to William E. Donaldson Correctional Facility. Sylvester did not notify the Court of his transfer.

In light of Sylvester's transfer, the undersigned entered a second order on May 1, 2024, which directed the Clerk of Court to update Sylvester's address on file to Donaldson Correctional Facility and extended the time for Sylvester to comply with the directives set out in the Court's order dated March 27, 2024. (Doc. 4). Specifically, the Court ordered Sylvester to file an amended complaint on or before May 28, 2024. (Id. at 3-4). The Court further ordered Sylvester, on or before May 28, 2024, to either pay the $405.00 filing fee or to file an amended motion to proceed without prepayment of fees on this Court's current form. (Id. at 4). The Court directed the Clerk to mail copies of

Sylvester's original complaint and motion to proceed without prepayment of fees, the Court's orders dated March 27, 2024 and May 1, 2024, and the Court's forms for a § 1983 prisoner complaint and a motion to proceed without prepayment of fees in a prisoner action to Sylvester at his new address. (Id. at 5). The Court cautioned Sylvester that if he did not fully comply with the order within the prescribed time, or if he again failed to immediately notify the Court of a change in his address, the undersigned would recommend that this action be dismissed for failure to prosecute and to obey the Court's orders. (Id. at 4).

The Court's May 1, 2024 order and accompanying documents were mailed to Sylvester at Donaldson Correctional Facility. However, to date, Sylvester has not filed an amended complaint, despite being ordered to do so no later than May 28, 2024. Sylvester also has not filed an amended motion to proceed without prepayment of fees, nor has he paid the filing fee, despite being ordered to do one of those things no later than May 28, 2024. Sylvester has not requested additional time within which to comply with the Court's orders, he has not indicated that he is unable to comply with the Court's orders, and he has not provided any explanation for his failure to timely comply with the Court's orders. Additionally, none of the orders in this case have been returned to the Court as undeliverable, and an online search reveals that Sylvester is still

4

incarcerated at Donaldson Correctional Facility, where the Court's orders were most recently sent.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Here, even after receiving an extension of time based on his transfer, Sylvester has made no apparent effort to comply with the Court's orders to file an amended complaint and to either file a

5

properly completed motion to proceed without prepayment of fees on the Court's current form or pay the filing fee.  Nor has Sylvester explained his failure to comply with the Court's orders, indicated that he is unable to comply, or sought additional time within which to comply.  Sylvester's lack of response to the Court's orders, coupled with his failure to advise the Court of his transfer to a different facility, suggests that he has lost interest in and abandoned the prosecution of this action.  In light of Sylvester's failure to prosecute this action and failure to obey the Court's orders, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[3]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The

---

[3] The Court notes that Sylvester appears to complain of acts that occurred on December 24, 2023. (See Doc. 1 at 4-5).  In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Sylvester would have the ability to refile his claims prior to the expiration of the statute of limitations.

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **12th** day of **June, 2024.**

                                               **/S/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**